IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MARY H, <br><br> Plaintiff, <br> v. <br><br> KILOLO KIJAKAZI, <br> Commissioner of Social Security, <br><br> Defendant. | REPORT AND RECOMMENDATION <br><br> Case No. 2:20-cv-748 HCN DBP <br><br> District Judge Howard C. Neilson <br><br> Chief Magistrate Judge Dustin B. Pead |

This case is referred to the undersigned from Judge Howard Neilson based upon 28 U.S.C. § 636(b)(1)(B). (ECF No. 15.) Pending before the court is Plaintiff Mary H's appeal of the Commissioner of Social Security's decision denying Plaintiff's claim for disability insurance benefits under Titles II and XVI of the Social Security Act.[1] Having considered the parties' briefs, the administrative record, and relevant law, the undersigned RECOMMENDS that the Commissioner's decision be affirmed.

### BACKGROUND

Plaintiff, born on May 18, 1990, alleges in May 2013 that she became disabled due to a variety of medical conditions. These include a back injury, scoliosis, depression, anxiety, PTSD, mental disorders, hearing impairment, eye issues, and a learning disability. (Tr. 367.)[2] Plaintiff's application for benefits was denied initially and upon reconsideration. Plaintiff then requested a

---

[1] Based on privacy concerns regarding sensitive personal information the court does not use Plaintiff's last name. Privacy concerns are inherent in many of the Federal Rules. *See* Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. P. 49.1; Fed. R. Bankr. P. 9037.

[2] Tr. refers to the transcript of the record before the court.

hearing before an Administrative Law Judge (ALJ), which was held on November 12, 2019. (Tr. 20-36.)

After the hearing, the ALJ rendered a decision according to the five-step sequential evaluation process. 20 CFR 404.1520(a) (describing the five-step evaluation process); *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step framework the Social Security Administration uses to determine disability). At step two, the ALJ found Claimant had the severe impairments of degenerative disc disease of the cervical, thoracic, and lumbar spine, intellectual disorder, depressive disorder, generalized anxiety disorder, PTSD, bilateral hearing loss, migraine headaches, and left shoulder arthropathy. (Tr. 22-23.) Next, the ALJ specifically considered whether Claimant's impairments met or equaled a listed impairment. *See* 20 C.F.R. § 404, Subp P. Appx 1 (20 C.F.R. 404.1520(d), 404.1525 and 404.1526). Finding they did not, the ALJ found that Ms. H had the residual functional capacity (RFC) to perform light work with certain restrictions.[3] (Tr. 26-36.) *See* 20 CRF 404.1567(b) (defining light work).

The ALJ then proceeded to step five because Claimant has no past relevant work. Relying on the testimony of a vocational expert (VE), the ALJ found Ms. H could perform other work, specifically that of a housekeeping cleaner, in finding she was not disabled under the Social Security Act. *See* 20 C.F.R. § 404.1520.

The Appeals Council subsequently denied review, making the ALJ's decision the Commissioner's final decision for purposes of review. *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir.2003). Plaintiff seeks review of the Commissioner's decision asserting multiple errors.

---

[3] These restrictions included limits on lifting, sitting, standing, climbing, reaching, and noise limitations. (Tr. 26.)

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax,* 489 F.3d at 1084 (quotations and citation omitted). As noted by the Supreme Court, "an ALJ's factual findings … 'shall be conclusive' if supported by 'substantial evidence.'" *Biestek,* 139 S.Ct. at 1153 (quoting 42 U.S.C. § 405(g)). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart,* 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart,* 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

## DISCUSSION

To establish disability, Claimant must show she has an

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months;

42 U.S.C. § 423(d). Claimant alleges the ALJ committed two errors: 1) The RFC determination is not supported by substantial evidence because the ALJ's decision "failed to properly evaluate the opinion evidence of record in accordance with the prevailing regulations."; and 2) The Housekeeping Cleaner job requires more standing and contact with others than set forth by the ALJ in the hypothetical.

   a. **The court finds no error in the ALJ's evaluation of the evidence**

Claimant argues the ALJ erred by failing to properly evaluate the opinion evidence in the record in accordance with the regulations. Because Ms. H filed for benefits after March 27, 2017, the ALJ was charged with applying a new set of regulations for evaluating medical evidence. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 FR 5844-01, 2017 WL 168819(F.R.). The revised standards eliminate any hierarchy among the medical opinions and give no deference to any opinion like that under the prior treating physician rule. *See* 20 C.F.R. § 404.1520c ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources.").

Under the new regulations, the most important focus is on the "persuasiveness of medical opinions and prior administrative findings", supportability, and consistency. *Id.* The regulations state that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id.* "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and

nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.*

Claimant specifically takes issue with the ALJ's RFC, the amount of time she could supposedly stand as determined in the RFC, and the examinations that reflected a normal gait instead of an antalgic gait.[4]

An individual's RFC is the most they can do despite their limitations. *See* 20 C.F.R § 404.1545. In determining Claimant's RFC the ALJ cited to a number of medical exams from 2014 to 2019. (Tr. 27-36.) For example, in June 2016 Claimant underwent an evaluation with Joe Salazar, LCT. Ms. H complained of self-harm ideation and difficult familial relationships. Yet, on examination, Claimant was oriented and had a full affect. Thereafter, in January and March 2017, Claimant had "normal mood, affect, speech, insight, and judgment, goal directed thoughts, and intact memory." (Tr. 28.) In May 2017, the ALJ noted a psychological evaluation with Amanda Pfeffer, Psy.D. where testing revealed an "extremely low full scale IQ score of 65" for Ms. H. (Tr. 28.) Over a year later, in August 2018, Claimant underwent another psychological evaluation with Ted Harris, Ph.D. This time, Ms. H scored higher with an IQ score of 74. Exams in November 2018, January 2019, and April 2019, demonstrated good functioning with normal affect. After setting forth such evidence, the ALJ then determined the persuasiveness of the medical opinions in the record. In doing so, the ALJ did not simply consider those records that were favorable to the ALJ's decision. Rather, the ALJ noted Claimant's unfortunate motor vehicle accident and the affect it had on her health. The ALJ also noted how often Ms. H complained of lower back pain and other ailments. In sum, the court

---

[4] An antalgic gait is a "characteristic gait resulting from pain on weight-bearing in which the stance phase of gait is shortened on the affected side." 359070 antalgic gait, Stedmans Medical Dictionary 359070.

finds the ALJ used a balanced approach in deciding the persuasive value of the medical opinions in the record. This included citing to inconsistencies in a medical provider's treatment notes, such as those of Gary Teare, PA-C, and the cursory use of checkbox forms that did not support a medical opinion. (Tr. 34.)

Claimant's arguments point to those records that support her allegations of disability while ignoring records that undermine her claims. Certainly, this is a case with conflicting medical reports and conditions that wax and wane over time. Yet, this court cannot reweigh the evidence in the manner suggested by Claimant and substitute its judgment for that of the ALJ. *See Madrid*, 447 F.3d at 790. In short, the court finds no error in the ALJ's RFC determination, the amount of time he determined Claimant capable of standing, or in the findings regarding Claimant's normal gait. The ALJ properly applied the new regulations from 2017.

b.  **The court finds no error in the ALJ's finding that Claimant could perform work as a housekeeping cleaner**

Finally, Claimant takes issue with the job cited to by the ALJ at step five, housekeeping cleaner, arguing a closer look at the job requirements undermines the ALJ's decision. Claimant appears to allege flaws in the Dictionary of Occupational Titles' (DOT) evaluation of the housekeeping cleaner position, and then points to the upcoming release of the Occupational Information System, which allegedly will be much better. Claimant also cites to Bureau of Labor Statistics concerning housekeeping cleaners in an attempt to show an inability to perform work as a housekeeping cleaner.

The court rejects this line of reasoning to the extent it seeks to establish flaws with the DOT because the regulations provide for their usage. *See* 20 C.F.R. § 404.1566(d) ("we will take notice of— (1)Dictionary of Occupational Titles, published by the Department of Labor");

20 C.F.R. § 404.1560 ("We may use the services of vocational experts or vocational specialists, or other resources, such as the "Dictionary of Occupational Titles" and its companion volumes and supplements, published by the Department of Labor"). In addition, an ALJ may use the testimony from a VE in deciding a claimant is not disabled. *See Ellison v. Sullivan*, 929 F.2d 534, 537 (10th Cir. 1990) (noting that the testimony of a VE may serve as "substantial evidence supporting the ALJ's conclusion that plaintiff was not disabled."); Pol'y Interpretation Ruling:Titles II & Xvi: Use of Vocational Expert & Vocational Specialist Evidence, & Other Reliable Occupational Info in Disability Decisions, SSR 00-4P, 2000 WL 1898704, at *2 (S.S.A. Dec. 4, 2000) ("In making disability determinations, we rely primarily on the DOT (including its companion publication, the SCO) for information about the requirements of work in the national economy. …. Evidence from VEs or VSs can include information not listed in the DOT.").

Buried within Claimant's arguments regarding the housekeeping cleaner position are specific contentions regarding requirements to work as a housekeeping cleaner. For example, an assertion that it is not a sitting job. These arguments are largely undeveloped and as such, the court need not speculate or develop arguments on Claimant's behalf. *See e.g., Shelton v. Colvin*, No. CIV-14-575-M, 2015 WL 5569024, at *3 (W.D. Okla. Aug. 24, 2015) ("Plaintiff's hint of an argument fails to develop a sufficient legal or factual basis for reversal, and the undersigned will not speculate or develop appellate arguments on her behalf."); *see also Threet v. Barnhart*, 353 F.3d 1185, 1190 (10th Cir. 2003) (declining to address an argument because it is insufficiently developed). Moreover, the ALJ adequately addressed many of these assertions in the decision. For example, the ALJ specifically noted Plaintiff's testimony regarding the use of a wheelchair, and how infrequently she actually used a wheelchair at appointments. (Tr. 35.)

In sum, the court finds no error in the ALJ's use of the DOT or VE testimony in supporting the decision that Claimant is not disabled.

## RECOMMENDATION

Based upon the forgoing, the court RECOMMENDS that the district court AFFIRM the Commissioner's decision.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 25 January 2022.

_____
Dustin B. Pead
United States Magistrate Judge